UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EXPRESS GOLD CASH, INC.,

                              Plaintiff,

        -vs-                                          Civil Action No.: 1:18-cv-837

BEYOND79, LLC d/b/a                          **COMPLAINT**
SELLYOURGOLD.COM,                            **AND JURY DEMAND**

                              Defendant.

---

Plaintiff Express Gold Cash, Inc. ("ExpressGoldCash"), by its attorneys, Leclair Korona Cole LLP, for its Complaint against defendant Beyond79, LLC d/b/a SellYourGold.com ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for false advertising, deceptive business practices, unfair competition, and unjust enrichment arising from Defendant's false and misleading advertising and marketing campaign for its mail-in precious metals buying service offered to consumers in New York and throughout the United States.

2.     Since at least 2011 and continuing into the present, Defendant has misleadingly advertised that it is "Ranked #1 by NBC's Today Show" based on an outdated televised segment broadcast nearly *8 years* ago, which claimed to have found that Defendant offered the highest price based on a single attempt to sell gold to ten mail-in precious metals dealers.

3.     Since 2011, Defendant has orchestrated a multi-pronged marketing campaign to disseminate false and misleading statements about being "Ranked #1" while actively concealing or falsifying the original broadcast date of the television show.

4. Defendant has used its own website, paid internet search results, targeted online ads, YouTube, social media accounts, and print materials to bombard consumers and flood the marketplace with false and misleading advertisements about it being "Ranked #1."

5. Defendant has used the world-famous NBC brand and logo to attract consumers to a company not associated with NBC and to induce consumers to falsely believe that the company is associated with, or endorsed by, NBC.

6. As a result, Defendant deceives consumers into believing it is communicating recent, as opposed to eight-years-old, results of a rigorous "ranking" by NBC.

7. In addition, Defendant has published false and misleading photographs on its website that grossly exaggerate the kind, quality, and quantity of recently purchased items.

8. As a result, Defendant deceives consumers into believing that their items are worth more than they really are, and consumers are induced to send their valuables to Defendant for appraisal.

9. From there, instead of offering 90% of market value as reported on the 2010 television show or the prices depicted on the website, Defendant extends significantly lower offers to unsophisticated consumers who rely on Defendant's deceptions.

10. Defendant directly competes with plaintiff ExpressGoldCash in New York and elsewhere. As a result, in addition to causing injury to consumers, Defendant's false and misleading advertising campaign results in the direct diversion of sales and decreased goodwill associated with the competing services offered by ExpressGoldCash.

11. By this lawsuit, ExpressGoldCash seeks to (i) enjoin Defendant from making any further false and misleading claims about its services; (ii) require Defendant to issue corrective advertising; and (iii) recover monetary damages for the harm sustained by

Defendant's false and misleading claims.

## THE PARTIES

12.     Plaintiff ExpressGoldCash is a New York corporation having its primary place of business at 100 Main Street, Suite 14, Salamanca, New York 14779.

13.     Defendant Beyond79, LLC d/b/a SellYourGold.com is a Delaware limited liability company with its principal place of business at 6421 Congress Avenue, Suite 110, Boca Raton, Florida 33487.

## SUBJECT MATTER JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1125(a), and 28 U.S.C. §§ 1331 and 1332. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a).

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that Defendant is subject to personal jurisdiction in this District at the time this action was commenced and a substantial part of the events or omissions on which the claims in this action are based occurred in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendant is deemed to reside in this District.

## PERSONAL JURISDICTION

16.     This Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. §§ 302(a)(1), 302(a)(3)(i) and 302(a)(3)(ii).

17.     Defendant has purposefully projected itself into New York to engage in the sustained and substantial transaction of business and has engaged in an ongoing regular course of conduct in New York.

18.     Defendant advertises itself as a nationwide mail-in precious metals dealer,

states that it has paid over $18,000,000 to customers, and has over 1,800 online reviews from customers throughout the nation, including New York.

19.    Defendant does not maintain any storefront locations in the United States. Instead, Defendant conducts its business by mail order and internet transactions through a highly interactive website, located at www.sellyourgold.com.

20.    Defendant actively solicits and purchases items from customers in New York. Defendant's website specifically targets its activities in New York by inviting users to order appraisal kits using an online form that displays New York as one of the 50 states in a dropdown list. Defendant transmits services to users across the nation and in New York, where ExpressGoldCash operates in direct competition with Defendant.

21.    Defendant's website provides information, permits access to electronic communication with a live customer service representative, describes the services offered by Defendant, and invites consumers to complete an online registration form to obtain an appraisal kit to get started. Registered users receive an email from Defendant containing login credentials to access an online portal on the website where they can track appraisal status, download documents, and update personal information.

22.    Defendant processes transactions and markets its services nationwide and to New York customers via US mail, electronic mail, telephonic communications, and live online chats. Defendant mails promotional materials and prepaid shipping labels to customers with New York delivery addresses, and responding customers use these shipping labels to mail their items to Defendant for appraisal. Defendant sends emails to New York customers responding to their questions and concerns, welcoming them to the appraisal process, providing them with login credentials and a downloadable version of the appraisal kit, and

reminding them to send items for appraisal. Defendant engages in telephonic communications and live online chats with New York customers to complete transactions, facilitate returns, answer questions, and process appraisal kit requests.

23.     Defendant uses pay-per-click advertising, ad retargeting, YouTube and social media sites to flood the online marketplace with advertisements that attract customers across the nation, including New York.

24.     Defendant has used the above-referenced means of communication to purposefully direct false advertising and deceptive conduct in New York, resulting in competitive harm to ExpressGoldCash.

## FACTUAL ALLEGATIONS

### I.     The Mail-in Precious Metals Industry

25.     Mail-in precious metals dealers allow ordinary consumers to sell their precious metals and jewelry without leaving their homes. These consumers often do not know the true value of their items and have little or no experience selling them online.

26.     A participating customer typically visits a website found through an internet search and requests a free appraisal kit from a mail-in precious metals dealer. The dealer mails the appraisal kit to the customer. The customer uses the enclosed prepaid shipping label in the kit to send items for appraisal to the dealer. The customer receives an offer for the items and can accept or decline it. If the customer is not satisfied with the appraisal, the items are returned to the customer free of charge.

27.     Since 2010, there has been a significant decline in the number of mail-in precious metals dealers. Currently, Defendant and ExpressGoldCash are two of the top remaining competitors in the industry. Upon information and belief, Defendant leads the

industry in market share and ExpressGoldCash is in second place.

**II.**     ***The Today Show* Segment**

28.     *The Today Show* ("*Today*") is a nationally televised morning show that airs on the NBC network.

29.     In 2010, *Today* aired a segment wherein it claimed to have compared the prices offered by ten different mail-in precious metals dealers by mailing a single item of gold to each one (hereinafter, the "Today Segment").

30.     Based on this single round of mailings, *Today* claimed that it received the highest offer from Defendant. According to the Today Segment, Defendant offered 90% of market value.

**III.     Defendant Has Falsely Represented the Today Segment and Recently Purchased Items in its Advertising, to the Public's and ExpressGoldCash's Detriment**

31.     Defendant has unlawfully disseminated false and misleading statements about the Today Segment in a concerted internet and print advertising campaign.

32.     Defendant has published variations of an advertisement that it is "ranked [or rated] #1 on [or by] NBC's Today Show," concealed or failed to prominently display the 2010 broadcast date, and misrepresented the content of the Today Segment (the "Deceptive Advertising").

33.     The Deceptive Advertising includes the exhibits attached hereto and every other instance where Defendant has claimed it is "ranked [or rated] #1 [on or by] NBC's Today Show" or used similar language.

34.     Beginning in 2011 and continuing into the present, Defendant has aggressively employed the Deceptive Advertising, concealed and fabricated the original broadcast date, and exploited NBC's goodwill to convey the false impression that Defendant is *currently* and

actually "ranked #1" by *Today*; that *Today* and NBC currently endorse, or have ever endorsed Defendant; that *Today*'s findings were based on a comprehensive and rigorous evaluation of multiple factors rather than price offered for a single sale; that *Today*'s findings were based on a larger than actual sample size; and *Today's* findings relate to all types of precious metals and jewelry—not just gold.

35.     By doing so, Defendant has grossly misrepresented the quality of its services with the intent to induce consumers and divert business from its competitors, including ExpressGoldCash.

**Defendant's Deceptive Advertising on the Internet**

36.     Beginning in 2011 and continuing into the present, Defendant has disseminated the Deceptive Advertising on the internet in an effort to mislead consumers.

37.     Defendant established and controls an interactive website that serves as the primary avenue for customers to request appraisal kits. Currently, the website (www.sellyourgold.com) prominently displays the Deceptive Advertising on its homepage and in other locations. The website relies on visitors to scroll down and locate the original broadcast date of the Today Segment. Defendant published this version of the website in response to ExpressGoldCash's ongoing complaints.

38.     True and accurate screenshots of the homepage and other Deceptive Advertising published on Defendant's website as of July 2018 are provided in Exhibits A and B, respectively.

39.     The website also allows visitors to chat live with a customer service representative. The live chat session can appear after a visitor clicks to expand the live chat window or it can appear automatically while a visitor is browsing the website. The activation

of a live chat session is accompanied by the sound of three tones that are reasonably identical to the famous three tones used by NBC to identify its broadcasting service.

40.     In prior versions of the website published since 2011, Defendant published the Deceptive Advertising in a variety of false and misleading ways, including but not limited to the following:

   a.   Embedding an auto-playing shortened version of the Today Segment in close proximity to the Deceptive Advertising;

   b.   Entirely omitting the original broadcast date of the Today Segment;

   c.   Falsifying the original broadcast date to deceive consumers into believing that the Today Segment aired more recently than 2010; and

   d.   Publishing the NBC logo without NBC's permission.

41.     Archived screenshots of the Deceptive Advertising in prior versions of the website are provided in Exhibit C.

42.     In 2015, Defendant published a YouTube video of the shortened Today Segment. At least as early as 2015 and continuing into the present, Defendant has published the Deceptive Advertising on its YouTube page in a number of false and misleading ways, including but not limited to the following:

   a.   Displaying the Deceptive Advertising in YouTube's search results and in the title and description of the video;

   b.   Falsely stating in the description that *Today* "investigated dozens of Cash for Gold Companies" when, in fact, the Today Segment concerned only ten companies;

   c.   Omitting the original broadcast date of the Today Segment, and only

8

recently adding it to the bottom of the collapsible description in response to

ExpressGoldCash's ongoing complaints; and

    d.   Disabling the comments section of the video.

43.    True and accurate screenshots of the Deceptive Advertising published on YouTube as of July 2018 are provided in Exhibit D.

44.    Defendant has published the Deceptive Advertising, without reference to the original broadcast date, in paid internet advertisements in a number of false and misleading ways, including but not limited to the following:

    a.   Enlisting Google AdWords, Yahoo!, and other "pay-per-click" providers to cause the Deceptive Advertising to appear as the top internet search result for searches related to selling gold online. True and accurate screenshots of the Deceptive Advertising published in the search results of Google and Yahoo! as of July 2018 are provided in Exhibit E.

    b.   Enlisting ad retargeting services to cause the Deceptive Advertising to appear in visual, clickable ads on other internet sites. True and accurate screenshots of the Deceptive Advertising published on other internet sites as of 2018 are provided in Exhibit F.

45.    Upon information and belief, since at least as early as 2014 and continuing into the present, Defendant has published the Deceptive Advertising in paid internet advertisements.

46.    Upon information and belief, at least as early as 2014 and continuing into the present, Defendant has published the Deceptive Advertising, without reference to the original broadcast date, on its social media accounts and on consumer review websites.

47.     True and accurate screenshots of the Deceptive Advertising published on social media and a consumer review website are provided in Exhibit G.

**Defendant's Deceptive Advertising in
Direct Communications with Customers**

48.     Each year, Defendant mails thousands of appraisal kits to customers. The appraisal kits contain a brochure, welcome letter, and prepaid shipping label.

49.     Upon information and belief, at least as early as 2014 and continuing into the present, Defendant has published the Deceptive Advertising in its appraisal kits and in follow-up emails to customers.

50.     Defendant publishes the Deceptive Advertising on the outer envelope, the cover of the brochure, the inside of the brochure, and in the welcome letter.

51.     True and accurate photographs of the Deceptive Advertising in appraisal kit materials as of June 2018, January 2018, and July 2017 are provided in Exhibit H.

52.     Additionally, Defendant currently publishes the NBC logo on the outer envelope without NBC's permission. Until 2018, Defendant also published the NBC logo on the cover of the brochure. Applicable photographs are included in Exhibit H.

53.     Defendant publishes the Deceptive Advertising in automated welcome emails and reminder emails to participating customers. The reminder emails additionally contain a hyperlink to the YouTube video alongside the Deceptive Advertising.

54.     True and accurate copies of the welcome and reminder emails as of June 2018 and July 2017 are provided in Exhibit I.

55.     The emails and appraisal kit materials do not reference the original broadcast date of the Today Segment.

**Defendant's Deceptive Advertising in
Newspapers and Classifieds**

56.     At least as early as 2012, Defendant published the Deceptive Advertising, without reference to the original broadcast date, in newspapers and classified ads throughout the country. Examples of these ads are provided in Exhibit J.

**Defendant's False and Misleading Statements
About Recently Purchased Items**

57.     In addition to the Deceptive Advertising, Defendant's website displays stock photographs allegedly depicting its "latest payouts" to customers. These photographs are meant to attract customers and encourage them to order appraisal kits.

58.     The stock photographs are false and misleading because they grossly exaggerate the kind, quality and quantity of recently purchased items even though the captions state that the photographs "depict items of similar kind, quality and quantity to actual items purchased."

59.     Screenshots of the falsely represented "latest payouts" as of July 2018 are provided in Exhibit K.

**IV.     Defendant Has Exploited Consumers**

60.     Upon information and belief, based on online customer reviews, Defendant has lured consumers into sending their items by publishing the Today Segment and the Deceptive Advertising.

61.     Participating customers, many of whom are first-time sellers who do not know the true value of precious metals, send their items for appraisal under the false impression that they are transacting with an NBC-endorsed precious metals dealer that offers the highest payouts in the industry.

62.     Upon information and belief, based on online customer reviews, Defendant has a practice of offering prices that are substantially below market value, with the expectation that many of these offers will be accepted by unsophisticated sellers.

63.     Upon information and belief, based on online customer reviews, many of these customers accept Defendant's low initial offers without negotiation or discussion.

64.     If a customer seeks the return of items sent to Defendant for "appraisal," the customer must call Defendant within 48 hours of the initial offer and speak directly to Defendant's representative to decline it.

65.     While Defendant cites security reasons for this company policy, upon information and belief, based on online customer reviews, this additional communication is used as a means to convince the customer to accept an amount substantially below market value for the items while those items remain in Defendant's possession.

66.     Upon information and belief, based on online customer reviews, Defendant delays the shipment of customer returns, which results in follow-up telephone calls from customers and additional opportunities for Defendant to induce acceptance.

## FIRST CLAIM FOR RELIEF
### False Advertising Under
### Lanham Act, 15 U.S.C. § 1125(a)

67.     ExpressGoldCash realleges and incorporates paragraphs 1 through 66 and incorporates them by reference herein.

68.     Defendant, in connection with services rendered in interstate commerce has made and continues to make false statements of fact and false representations of fact as to the nature, characteristics, and quality of its services.

69.     Defendant's false statements of fact and false representations of fact in

promoting its services are false and misleading in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Defendant's false and misleading statements of fact and misrepresentations of fact concerning its services were made, and continue to be made, in commercial advertising, promotions, and direct communications with consumers in a manner material to the public's decision to use Defendant's services instead of those of its competitors, including ExpressGoldCash.

71.     Defendant's false and misleading statements are commercial advertisements and promotional materials that Defendant has placed into interstate commerce in connection with the marketing of its services.

72.     The above-described acts of Defendant actually deceived, or have the tendency to deceive, a substantial segment of consumers who see or hear such representations.

73.     The above-described acts of Defendant are material, in that they are likely to influence a consumer's purchasing decision.

74.     ExpressGoldCash directly competes with Defendant in the mail-in precious metals industry.

75.     As a result of Defendant's false and misleading advertising, ExpressGoldCash has suffered a direct diversion of customers to Defendant and has been and will be deprived of substantial revenue in an amount to be determined at trial but believed to be no less than $3 million.

76.     Defendant has caused, and will continue to cause, immediate and irreparable injury to ExpressGoldCash, including injury to its business, reputation and good will, for which there is no adequate remedy at law. As such, ExpressGoldCash is entitled to an

injunction under 15 U.S.C. § 1116 restraining Defendant, its agents, employees, representatives and all persons acting in concert with them from engaging in further acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and ordering removal of all of Defendant's false advertising.

77.    ExpressGoldCash is entitled under 15 U.S.C. § 1117 to actual damages to be determined at trial, to have such damages trebled, to disgorgement of Defendant's profits, and costs of the action.

78.    Defendant has acted in bad faith and has knowingly, willfully, and deliberately engaged in false advertising with the intent to deceive the public and injure its competitors, including ExpressGoldCash. Thus, in addition to the relief requested herein, ExpressGoldCash is entitled to reasonable attorney's fees pursuant to 25 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### Deceptive Acts and Practices Under
### New York General Business Law § 349

79.    ExpressGoldCash realleges and incorporates paragraphs 1 through 78 and incorporates them by reference herein.

80.    Since at least 2012, Defendant has engaged in a consumer-oriented pattern and practice aimed at the public at large of falsely advertising its services.

81.    Consumers have suffered injury in that Defendant has materially misled unsophisticated consumers by luring them through false and misleading advertising and inducing them into unknowingly accepting significantly low offers based on, among other things, the erroneous belief that Defendant is currently endorsed or approved by NBC as being the best option for selling precious metals and jewelry online.

82.    As a result of Defendant's acts, ExpressGoldCash, as a competitor of

14

Defendant, has suffered and will continue to suffer damages to its business reputation and goodwill and the loss of customers.

83.     Defendant's conduct is willful, because it knows that the false and misleading representations about the Today Segment and its recent payouts are materially false.

84.     The above-described acts constitute deceptive acts and practices, in violation of Section 349 of the New York General Business Law.

**THIRD CLAIM FOR RELIEF**
**False Advertising Under**
**New York General Business Law § 350**

85.     ExpressGoldCash realleges and incorporates paragraphs 1 through 84 and incorporates them by reference herein.

86.     As described above, Defendant has engaged in false advertising under the Lanham Act and ExpressGoldCash has been thereby injured.

87.     Consumers have actually and reasonably relied on Defendant's false advertising.

88.     The above-described acts constitute false advertising in violation of Section 350 of the New York General Business Law.

**FOURTH CLAIM FOR RELIEF**
**Unfair Competition**

89.     ExpressGoldCash repeats and realleges paragraphs 1 through 88 and incorporates them by reference herein.

90.     As described above, Defendant has acted in bad faith and has knowingly, willfully, and deliberately engaged in the above-described false advertising and deceptive acts and practices, with the intent to injure ExpressGoldCash and deceive the public.

91.     Defendant has damaged ExpressGoldCash by engaging in false advertising and

15

other deceptive acts and practices by, among other things, causing customers to offer their items to Defendant instead of ExpressGoldCash, thereby reducing ExpressGoldCash's market share.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment

92.    ExpressGoldCash repeats and realleges paragraphs 1 through 91 and incorporates them by reference herein.

93.    Defendant has received significant revenue from transactions with consumers who relied on Defendant's false statements and representations described above.

94.    Defendant would not have made these transactions or received the revenues from these transactions in the absence of the false and misleading statements alleged herein.

95.    Defendant's revenues from its falsely advertised services have come at the expense of its competitors, including ExpressGoldCash.

96.    Defendant has been unjustly enriched from its false and misleading statements and advertising practices, and should not be permitted to retain those ill-gotten gains.

## PRAYER FOR RELIEF

WHEREFORE, ExpressGoldCash respectfully requests judgment against Defendant as follows:

A.  For injunctive relief:

i. Enjoining Defendant from displaying the Deceptive Advertising and making false and misleading statements about the Today Segment and recently purchased items;

ii. Requiring Defendant to issue appropriate corrective advertisements, reasonably designed to reach all people to whom its false and

        misleading advertising was disseminated, and retracting its false and misleading claims regarding the Deceptive Advertising, the Today Segment, and recently purchased items; and

    iii.  Requiring Defendant to remove, recall, and destroy all marketing and advertising materials that contain the Deceptive Advertising and false and misleading statements about the Today Segment and recently purchased items.

B.  For monetary relief in the form of:

    i.  Compensatory damages under 15 U.S.C. § 1117 and New York law for all injuries to ExpressGoldCash caused by Defendant's acts alleged herein;

    ii.  An award of Defendant's profits under 15 U.S.C. § 1117 and New York law;

    iii.  Punitive damages under New York law;

    iv.  Enhanced or treble damages under 15 U.S.C. § 1117 and New York law;

    v.  Attorney's fees and costs under 15 U.S.C. § 1117 and New York law;

    vi.  Prejudgment and post-judgment interest; and

C.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ExpressGoldCash hereby demands trial by jury for all issues so triable.

DATED:  July 31, 2018

Respectfully submitted,

s/Kamran F. Hashmi
_____
*Attorneys for Plaintiff Express Gold Cash, Inc.*
Kamran F. Hashmi, Esq.
Jeremy M. Sher, Esq.
Leclair Korona Cole LLP
28 E. Main Street, Suite 1500
Rochester, New York 14614
Tel: (585) 327-4100
Fax: (585) 327-4200
khashmi@leclairkorona.com
jsher@leclairkorona.com